UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNEST MONTGOMERY (#315014)                              CIVIL ACTION

VERSUS

ASST. WARDEN F. BOUTTE, ET AL.                           NO. 07-0094-D-M3

NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _16th_ day of July, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERNEST MONTGOMERY (#315014)                                    CIVIL ACTION

VERSUS

ASST. WARDEN F. BOUTTE, ET AL.                                 NO. 07-0094-D-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Frederick Boutte, rec.doc.no. 133. This motion is opposed.

The pro se plaintiff, an inmate confined at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Frederick Boutte, Col. Michael Vincent, Col. Kirk Guerin, Lt. Terry Albright, Sgt. Donald Carral, Asst. Warden Raymond McNeill, Dpty. Warden Bruce Beck, Capt. Edith Pedescleaux, Lt. Kevin Durbin, Capt. Jeff LeBlanc, Major Brad Carpenter, and unidentified "John Doe" defendants, complaining that the defendants violated the plaintiff's constitutional rights on July 7, 2006, through excessive force and deliberate medical indifference on that date. Pursuant to earlier Report and Recommendation in this case, approved by the District Judge on May 28, 2008, see rec.doc.nos. 112 and 117, summary judgment was granted in part, dismissing the plaintiff's claims against all defendants in their official capacities and dismissing the plaintiff's claims of deliberate medical indifference asserted against defendants Vincent, Guerin, Albright, Carral, McNeill, Beck Pedescleaux, Durbin, LeBlanc and Carpenter. At the time of the earlier Report and Recommendation, the moving defendant Frederick Boutte had not been served and so was not addressed in the Report and Recommendation.

Defendant Boutte now moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's administrative remedy

proceedings, excerpts from the plaintiff's medical records, and the affidavit of defendant Frederick Boutte.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Turning to the plaintiff's allegations against defendant Boutte in the defendant's individual capacity, the Complaint alleges that on July 7, 2006, the plaintiff mistakenly struck a security officer, defendant Terry Albright. The plaintiff was then placed in handcuffs and was escorted to administrative segregation by defendant Kevin Durbin. Upon arrival at administrative segregation, the plaintiff was placed in full restraints and was placed in a shower cell. Shortly thereafter, defendants Boutte and Vincent arrived on the tier and allowed the plaintiff out of the shower cell. According to the plaintiff, defendants Boutte and Vincent then "punched/kicked" the plaintiff to the ground, and when the plaintiff stood up, defendant Vincent pushed the plaintiff forcefully, face-first, into the shakedown cell, causing the plaintiff to strike his face against an electrical panel box. Defendants Vincent and Boutte then each sprayed two cans of mace into the plaintiff's cell and closed the door. A short while later, defendants Boutte and Vincent allowed the plaintiff out of the shakedown cell, but they continued to beat him and again subjected him to irritant spray. The defendants then placed the plaintiff in a transport vehicle, and defendant Boutte escorted the plaintiff to the infirmary, subjecting the plaintiff to punches while en route. Upon arrival at the infirmary, the plaintiff was examined by a medical technician, but when the plaintiff attempted to explain the extent of his injuries, defendant Boutte refused to allow the medical treatment. The plaintiff was then escorted back to administrative segregation by defendants Guerin and Carral who allegedly subjected the plaintiff to force during the transport. Upon arrival, the plaintiff was yanked

out of the vehicle and was met by a number of security officers, including defendant Boutte. According to the plaintiff, the defendants then allowed two K-9 dogs to "bite and pull" at the plaintiff, sprayed the plaintiff with mace, and kicked the plaintiff in the ribs several times. The plaintiff asserts that he sustained two broken ribs as a result of the incidents described above.

In response to the plaintiff's allegations, defendant Boutte asserts that on the afternoon of July 7, 2006, he was alerted that an inmate had struck a security officer, whereupon he went to the scene of the incident and there observed the plaintiff in restraints. According to the defendant, the plaintiff was very agitated and was acting erratically, yelling at the top of his lungs and in obvious fear that he was going to be beaten by security officers. The defendant asserts that he talked calmly to the plaintiff in an attempt to ease the plaintiff's fears, and then accompanied the plaintiff to the prison infirmary because, according to the defendant, the plaintiff was more calm in the defendant's presence. The defendant asserts that no force whatever was utilized against the plaintiff by any defendant and that no irritant spray was employed against him. The defendant further asserts that, after escorting the plaintiff to the infirmary, the defendant was not a party to any further conduct affecting the plaintiff on that date.

In the instant motion, the defendant raises the defense of qualified immunity. Specifically, the defendant contends that the plaintiff has failed to make sufficient allegations of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry, the Court stated, is undertaken in light of the specific context of

the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id. In the instant case, the defendant asserts that the plaintiff's claim fails in the first instance because the plaintiff has failed to allege facts in the Complaint which would support a finding that the defendant participated in any violation of the plaintiff's constitutional rights.[1]

Addressing first the plaintiff's claim of alleged excessive force, and undertaking the Saucier analysis, the Court concludes that the defendant's motion must fail and that the plaintiff's allegations overcome the assertion of qualified immunity. Specifically, accepting the facts as alleged by the plaintiff, as this Court is required to do under Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the Court finds that the plaintiff has met the first prong of the Saucier two-part test by stating a violation of his constitutional right to be free from the use of excessive force. In this regard, the plaintiff has asserted that the defendant repeatedly punched and kicked the plaintiff and utilized irritant spray against him on July 7, 2006, after the plaintiff was placed in full restraints and while the plaintiff was allegedly offering no resistance. The plaintiff has further alleged that this defendant stood by and observed other security officers inflicting force upon the plaintiff and took no action to intervene and prevent such use of force. Pursuant to well-settled legal principles, force is excessive and violates the Eighth Amendment if it is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). See also Knight v. Caldwell, 970 F.2d 1430 (5th Cir. 1992), cert. denied, 507 U.S. 926, 113 S.Ct. 1298, 122 L.Ed.2d

---

[1] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. Pearson v. Callahan, _ U.S. _, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the Callahan Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

688 (1993). Factors to be considered in determining whether the use of force has been excessive include the extent of injury sustained, if any, the need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. Hudson v. McMillian, supra. In addition, a defendant may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. The test in such instance is whether the observing officer had actual knowledge of a substantial risk of harm to the inmate yet disregarded that risk and failed to take reasonable measures to prevent the resulting harm. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Further, applying the second part of the Saucier analysis, and again accepting the plaintiff's factual assertions as true, no reasonable corrections official could have believed that the conduct allegedly undertaken by the defendant, if it in fact occurred, was lawful. While the defendant contends that no force whatever was utilized against the plaintiff on the referenced date, the plaintiff's assertions are in direct conflict with this contention, and it is not the province of this Court to resolve issues of credibility on a motion for summary judgment. Accordingly, the defendant's motion for summary judgment should be denied with respect to this claim.

Turning to the plaintiff's claim that defendant Boutte was deliberately indifferent to the plaintiff's serious medical needs on July 7, 2006, the Court concludes, similarly, that the plaintiff's allegations overcome the defendant's assertion of qualified immunity. In this regard, the plaintiff has alleged that, after being escorted to the infirmary on the afternoon of July 7, 2006, defendant Boutte refused at that time to allow the plaintiff to receive medical attention or treatment for his injuries. The plaintiff has further alleged that his injuries were quite severe, including fractures of two of his ribs.

The Eighth Amendment to the United States Constitution prohibits the wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a claim under

the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert both that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, supra; Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v. Brennan, supra, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Applying this standard to the plaintiff's claim in the instant case, particularly in light of the plaintiff's allegation that defendant Boutte directly participated in inflicting the allegedly severe injuries and explicitly prevented the plaintiff from receiving medical treatment for these injuries, the Court finds that the plaintiff has asserted a claim of deliberate medical indifference against this defendant. Accordingly, the defendant's motion for summary judgment should be denied relative to this claim.

RECOMMENDATION

It is recommended that the motion for summary judgment of defendant Frederick Boutte, rec.doc.no. 133, be denied, and that this matter be referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 16th day of July, 2009.

DOCIA L. DALBY
MAGISTRATE JUDGE