UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ERNEST MONTGOMERY (#315014)**                                        **CIVIL ACTION**

**VERSUS**

**ASST. WARDEN F. BOUTEE, ET AL.**                                    **NO. 07-0094-JJB-DLD**

### RULING

At the pretrial conference held on February 18, 2010, the Court directed the plaintiff to file copies of his Exhibits Nos. 11, 16 and 17. The Court further provided that a Ruling would be made as to the admissibility of these exhibits after the defendants had had an opportunity to object thereto. See rec.doc.no. 154. The parties have now complied with the Court's directive.

The defendants first object to the plaintiff's Exhibit No. 11, which is a disciplinary report issued against the plaintiff's brother or cousin, a non-party to this proceeding, on the morning of July 7, 2006. Whereas the defendants contend that this exhibit is irrelevant and immaterial to the issues in this case, the Court finds that this document is relevant to the defendants' motivation for allegedly subjecting the plaintiff to excessive force and deliberate indifference on the same date. Accordingly, this Exhibit shall be allowed.[1]

The defendants next object to the plaintiff's Exhibit No. 16, the Corrections Services Employee Manual (5th Edition, January 2003), contending that this document is irrelevant and immaterial, is duplicative of the plaintiff's Exhibits Nos. 14 and 15 (EHCC Policy No. 300-A1-Use of Force and Department Regulation No. C-02-006 relative to Use of Force), and "is not the current regulation". The defendants' objections are unfounded. First, whereas the defendants suggest that

---

[1] Although not objected to as hearsay, the Court finds that the referenced disciplinary report is non-hearsay because not offered for the truth of any statements contained therein but, rather, for the fact that the report was issued against the plaintiff's relative on the date of the incident.

the only relevant part of the referenced Manual is Item 3(d), relative to physical abuse of inmates by EHCC personnel, the Court finds that Items 1 (General Misconduct), 3 (Abuse of Inmates, Corporal Punishment or Use of Unnecessary or Excessive Force), 6 (Failure to Follow Orders), 10 (Falsifying Documents or Making False Statements), 12 (Malfeasance), and 13 (Malfeasance - Aggravated) are also potentially relevant to this case.  As a result, this exhibit is not duplicative of other exhibits which deal only with EHCC and Department regulations relative to use of force.  Finally, whereas the Employee Manual may not be the current version of this document, it appears to have been the version in force on the date of the incidents complained of herein.  Accordingly, this Exhibit shall be allowed.

      Finally, the defendants object to the plaintiff's Exhibit No. 17, a copy of correspondence dated November 27, 2007, addressed to defendant Terry Albright, wherein the defendant is advised that he is being terminated from employment with the Louisiana Department of Public Safety and Corrections for violations of Rules 3, 6, 10 and 13 (see above), as well as EHCC Policy No. 300-A1-Use of Force and Department Regulation No. C-02-006 relative to Use of Force.  In this correspondence, the defendant is advised that an investigation has uncovered a "pattern of misconduct" on the defendant's part, including that he "routinely used excessive force with inmates".  The defendants contend that this document is hearsay and is irrelevant to this proceeding because it deals with events occurring after the date of the incident complained of by the plaintiff.

      The defendants' objections are unfounded.  First, the referenced document fits within a recognized exception to the hearsay rule set forth in Rule 803(8) of the Federal Rules of Evidence (relative to "public records and reports" and regarding "factual findings resulting from an investigation made pursuant to authority ranted by law").  Second, although evidence of other bad acts committed by a defendant is not generally admissible to prove the character of that person or to show that he acted in conformity with such bad character on a particular occasion, F.R.E. Rule 404, such evidence may be admissible for other purposes, as for example, to show intent.  F.R.E.

Rule 404(b).  In United States v. Beechum, 582 F.2d 898 (5th Cir. 1978)(en banc), cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), the Fifth Circuit construed Rule 404(b) in the light of the other Rules of Evidence and held that this Rule mandates a two-step analysis: "First, it must be determined that the extrinsic evidence offense is relevant to an issue other than the defendant's character.  Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.'"  Id.  Further, the Beechum Court defined how extrinsic offenses may be relevant to the proof of intent behind a subsequent action, to wit:

> [T]he relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and the charged offense.  the reasoning is that because the defendant had unlawful intent in the extrinsic offense[s], it is less likely that he had lawful intent in the present offense.

Id.  Where extrinsic evidence of other offenses is sought to be introduced, its relevance is a function of its similarity to the offense charged and, for purposes of determining relevancy, "'a fact is similar to another only when the common characteristic is the significant one for the purposes of the inquiry at hand.'"  Id., quoting Stone, The Rule of Exclusion of Similar Fact Evidence: England, 46 Harv.L.Rev. 954 (1933). To be sufficiently similar, 'other crimes' evidence in a lawsuit alleging excessive force by law enforcement officers must typically have at least some bearing on how an officer has treated other detainees while carrying out his duties...."  Ellis v. Packnett, 2007 WL 2688540 (S.D. Miss., Sept. 10, 2007), quoting Mazloum v. District of Columbia Metropolitan Police Dept., 517 F.Supp.2d 74 (D.D.C. 2007).

  Applying the foregoing standard, the Court finds that subject document is admissible in this case.  The referenced correspondence outlines specific instances of misconduct and concludes, after an investigation, that defendant Terry Albright displayed a "pattern of misconduct", including the failure to follow EHCC and Department regulations regarding use of force and the making of false statements and reports after using excessive force.  In addition, the referenced document reflects that defendant Albright "routinely used excessive force with inmates", including, as alleged

in the instant case, the use of chemical agents. Although the incidents detailed in the correspondence occurred after the incident complained of by the plaintiff herein, this does not preclude their admission. See United States v. Beechum, supra ("The principles governing extrinsic offense evidence are the same whether that offense occurs before or after the offense charged."). Moreover, the reported incidents are relatively close in time to the incident complained of, with one occurring within approximately 3 months and with the second occurring within approximately 8 months thereof. In addition, whereas the reported incidents were noted to have involved inmates with mental health problems, the Court finds that the incidents are sufficiently similar to the incident complained of by the plaintiff to be probative of the defendant's intent.[2] Finally, the referenced correspondence, placed in the defendant's personnel file and written as it was to detail the investigation conducted by prison officials and to justify the termination of the defendant's employment, has probative value which is not outweighed by its prejudicial effect. Accordingly, the referenced document shall be allowed. See Carson v. Polley, 689 F.2d 562 (5th Cir. 1982) (admitting performance evaluation of prison official which documented bad temper and a tendency to get in arguments with inmates, where the official was alleged to have inflicted excessive force upon an arrestee). See also O'Neill v. Drzeminski, 839 F.2d 9 (2nd Cir. 1988) (affirming admission of prior § 1983 judgments against officer that were based on his prior unlawful arrest and excessive

---

[2] From a review of defendant Albright's affidavit, attached to the defendants' motion for summary judgment, rec.doc.no. 29, it appears that the defendant contends that he was not present when the alleged excessive force was utilized against the plaintiff on July 7, 2006. Specifically, the defendant asserts that, after being struck by the plaintiff on that date, he was taken to the infirmary for treatment and has no knowledge of the subsequent events alleged by the plaintiff. It appears, therefore, that because the defendant contends that he used no force whatever against the plaintiff, his "intent" in allegedly inflicting force is arguably not an issue for which Exhibit No. 17 would be admissible. Notwithstanding, the referenced correspondence also outlines the defendant's behavior in making false statements after his use of excessive force. Accordingly, his intention to falsify the various forms and documents, including the above-referenced affidavit and other documents wherein he asserts that he has no knowledge regarding the plaintiff's claim of excessive force, is an issue for which the exhibit is admissible. See also Lombardo v. Stone, 2002 WL 113913 (S.D. N.Y., Jan. 29, 2002) (finding admissible, on cross-examination, evidence of defendant's prior misconduct in the form of false statements made by defendant to state officials regarding prior beating of mental patient inasmuch as prior false statements were relevant as to credibility).

force); Eng v. Scully, 146 F.R.D. 74 (S.D. N.Y. 1993) (admitting official incident reports documenting prison officer's use of excessive force on other occasions); Lombardo v. Stone, 2002 WL 113913 (S.D. N.Y. 2002) (finding disciplinary file of state mental hospital employee – where it documented employee's failure to intervene in a patient's prior beating – to be probative of the employee's intent but to be inadmissible because overly prejudicial); Ismail v. Cohen, 706 F.Supp. 243 (S.D. N.Y. 1989), affirmed, 899 F.2d 183 (2nd Cir. 1990) (admitting evidence that police officer falsely arrested and beat another citizen).

Accordingly,

**IT IS ORDERED** that the plaintiff's Exhibits Nos. 11, 16 and 17 shall be allowed at trial.

Signed in Baton Rouge, Louisiana, on June 18, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**